Electronically Filed - BUTLER - February 06, 2026 - 10:52 AM

**Exhibit D**

IN THE CIRCUIT COURT OF BUTLER COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| Melissa McClain, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 25BT-CV03210 |
| | ) | |
| Menard, Inc. d/b/a Menards | ) | |
| Serve: Menard Inc. | ) | |
| CSC-Lawyers Incorporating | ) | |
| Service Company | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| John Doe | ) | |
| Defendants. | ) | |

**FIRST AMENDED PETITION**

COMES NOW Plaintiff Melissa McClain, by and through her undersigned counsel, Zachary M. Brand, Esq. of Brand Injury Law, LLC, and for her causes of action against Defendants, Menard, Inc. d/b/a Menards and John Doe, states to the Court as follows:

**PARTIES**

1.    At all times relevant hereto, Plaintiff Melissa McClain was and is a citizen and resident of the State of Missouri.

2.    Defendant Menard, Inc. d/b/a Menards, is a foreign for-profit company registered to do business under the laws of the State of Missouri.

3.    At all relevant times, Defendant Menard, Inc. d/b/a Menards, owned, maintained, and controlled Menards located at 2105 Oak Grove Road, Poplar Bluff, MO 63901 (hereinafter the "Premises".

Electronically Filed - BUTLER - February 06, 2026 - 10:52 AM

4.      At all relevant times, Defendant Menard, Inc. d/b/a Menards acted by and through its owners, agents, servants, and employees who acted within the scope and course of their agency and employment.

5.      Defendant John Doe is a yet-to-be-identified person who served as the store manager for the Menards at 2105 Oak Grove Road, Poplar Bluff, MO 63901.

6.      Upon information and belief, Defendant John Doe was, at all relevant times, the agent, servant, and/or employee of Defendant Menard Inc. d/b/a Menard's.

7.      Upon information and belief, given the geographic location of the Premises, Defendant John Doe is likely a citizen and resident of the State of Missouri.

<u>**VENUE AND PERSONAL JURISDICTION**</u>

8.      The venue is proper in the Circuit Court of Butler County under MO. REV. STAT. § 508.010 because Defendants first injured Plaintiff in Butler County.

9.      Jurisdiction is proper over Defendants because Defendants committed tortious acts within the State of Missouri.

<u>**FACTUAL ALLEGATIONS**</u>

10.     Defendant Menards designed and installed a women's bathroom in its premises at the Premises for use by customers.

11.     The bathroom was set up such that the sinks were on one wall and the air hand dryers were on the opposite wall.

12.     This design forced patrons who washed their hands to turn around with wet hands, drip water on the floor, and walk with dripping hands to the air dryer.

2

Electronically Filed - BUTLER - February 06, 2026 - 10:52 AM

13.    The air hand dryer was set up in such a way that it would blow water off of patrons' hands and onto the floor, adding to the liquid on the floor.

14.    This bathroom was designed, constructed, or surfaced with a material that Defendant Menards knew or should have known would become unreasonably slippery and dangerous when a condition likely to occur in the bathroom.

15.    The combination of these design decisions caused water to accumulate in the area between the sink and hand dryers.

16.    Upon information and belief, Defendant Menards employed Defendant John Doe as Store Manager of the Premises before 6/10/2023.

17.    On 6/10/2023, upon information and belief, the women's bathroom had not been cleaned for a sufficient period of time before approximately 4:30 PM to allow a puddle of water to accumulate in the area between the sinks and hand dryers.

18.    On said date, Defendants were responsible for maintaining the premises for Plaintiff and other visitors to use while visiting the premises.

19.    Defendants maintained exclusive control and maintenance over the Premises.

20.    Defendants failed to put any signage warning Plaintiff of a potential hazard.

21.    At the time the Plaintiff visited the Premises, neither the Defendant Menards, Defendant John Doe, nor their agents, representatives, and/or employees inspected the Premises for dangerous and defective conditions.

22.    Neither Defendants nor their agents, representatives, and/or employees warned Plaintiff or others of the dangerous and defective conditions that then existed on the Premises.

23.    On or about 06/10/2023, Plaintiff entered the women's bathroom located at the Premises at or around 4:30 PM.

Electronically Filed - BUTLER - February 06, 2026 - 10:52 AM

24.    Plaintiff was a business invitee of Defendant Menard, Inc. d/b/a Menards.

25.    Plaintiff used the sink in the women's bathroom.

26.    Plaintiff turned around and attempted to walk to the hand dryers.

27.    Before Plaintiff could get to the hand dryers, she slipped in a puddle of water that existed in the space between the sink and the hand dryers.

28.    This fall caused Plaintiff considerable injury to her knee, leg, and hand as a result of the dangerous and defective condition that existed on the premises, owned and operated by Defendant Menard, Inc. d/b/a Menards.

29.    At all times relevant herein, Plaintiff exercised ordinary care and caution for her own safety.

30.    Plaintiff was injured because of the dangerous and defective condition that then existed on the Premises owned and operated by Defendant Menard, Inc. d/b/a Menards.

## COUNT I
### Negligence Directed to Defendant
Menard, Inc. d/b/a Menards

31.    Plaintiff incorporates the allegations outlined in the preceding paragraphs as though fully set forth herein.

32.    On or about 06/10/2023, Defendant Menard, Inc. d/b/a Menards owned, maintained, controlled, inspected, secured, managed, serviced, and had full access to the Premises, specifically the area between the sinks and hand dryers in the women's restroom.

33.    Defendant Menard, Inc. d/b/a Menards owed a duty to Plaintiff and all invitees to exercise a reasonable duty of care in keeping the premises free of dangerous and defective conditions.

4

Electronically Filed - BUTLER - February 06, 2026 - 10:52 AM

34. Defendant Menard, Inc. d/b/a Menards knew, or through the exercise of reasonable care should have known, that the area between the sinks and hand dryers either had or was reasonably likely to result in accumulated puddles of water and failed to properly maintain and prevent fall risks, which created a dangerous and defective condition.

35. Defendant Menard, Inc. d/b/a Menards breached its reasonable duty of care owed to Plaintiff and others in at least the following respects, to wit:

    (a)    Defendant Menard, Inc. d/b/a Menards allowed a dangerous slip and fall hazard to exist on the Premises, which involved an unreasonable risk of harm.

    (b)    Defendant Menard, Inc. d/b/a Menards knew, or by the exercise of ordinary care, should have known of the dangerous and defective condition which existed on the Premises at the time of Plaintiff's fall.

    (c)    Defendant Menard, Inc. d/b/a Menards failed to barricade or otherwise block that area to adequately prevent Plaintiff, or others, from accessing the portion of the Premises made unsafe by the service provided by an unknown employee.

    (d)    Defendant Menard, Inc. d/b/a Menards failed to warn, post a sign, or otherwise alert Plaintiff and other invitees of the existence of a potential hazard.

    (e)    Defendant Menard, Inc. d/b/a Menards failed to use the ordinary care required to remove the dangerous and defective conditions which existed on the Premises at the time of Plaintiff's fall.

Electronically Filed - BUTLER - February 06, 2026 - 10:52 AM

(f)   Defendant Menard, Inc. d/b/a Menards otherwise improperly operated, managed, maintained, and controlled the Premises to allow a dangerous and defective condition to remain a hazard to their patrons and their guests, including Plaintiff.

(g)   Defendant Menard, Inc. d/b/a Menards improperly designed its women's bathroom in such a way as to create an inevitable and persistent risk of a dangerous and defective decision.

36.   Each and all the aforesaid acts and omissions by Defendant Menard, Inc. d/b/a Menards were negligent and constituted negligence.

37.   Each and all the aforesaid acts and omissions by Defendant Menard, Inc. d/b/a Menards were a direct and proximate cause of the damage and injuries hereinafter described.

38.   As a direct and proximate result of the aforesaid acts and omissions by Defendant Menard, Inc. d/b/a Menards Plaintiff suffered severe and painful injuries.

39.   As a direct and proximate result of the aforesaid acts and omissions by Defendant Menard, Inc. d/b/a Menards, Plaintiff has suffered, and will hereafter continue to suffer, physical pain and has been obliged to seek medical treatment because of her injuries.

40.   As a direct and proximate result of the aforesaid acts and omissions by Defendant Menard, Inc. d/b/a Menards, Plaintiff has lost time from work and lost wages and benefits she would have otherwise accrued.

WHEREFORE, Plaintiff, Melissa McClain, prays for judgment against Defendant Menard, Inc. d/b/a Menards, in such sum more than $50,000 as will reasonably and fairly compensate Plaintiff for loss and damage, for Plaintiff's costs and expenses incurred herein, and such other and further relief as the Court deems just and proper.

Electronically Filed - BUTLER - February 06, 2026 - 10:52 AM

## COUNT II

### Negligence Directed to Defendant Carly M. Doe

41. Plaintiff incorporates the allegations outlined in Paragraphs 1 through 30 as though fully set forth herein.

42. That on or about 6/10/2023, Defendant Doe owned, maintained, controlled, inspected, secured, managed, serviced, and had full access to the Premises, specifically the area in front of the Freestyle machine.

43. Defendant Doe owed a duty to Plaintiff and all invitees to exercise a reasonable duty of care in keeping the premises free of dangerous and defective conditions.

44. Defendant Doe knew, or through the exercise of reasonable care should have known, that the area in front of the freestyle machine either had or was reasonably likely to result in spills and failed to properly maintain and observe for fall risks, which created a dangerous and defective condition.

45. Defendant Doe breached their reasonable duty of care owed to Plaintiff, and others, in at least the following respects, to wit:

    (a) Defendant Doe allowed a dangerous slip and fall hazard to exist on the Premises, which involved an unreasonable risk of harm.

    (b) Defendant Doe knew, or by the exercise of ordinary care, should have known of the dangerous and defective condition which existed on the Premises at the time of Plaintiff's fall.

    (c) Defendant Doe failed to barricade or otherwise block that area to adequately prevent Plaintiff, or others, from accessing the portion of the Premises made unsafe by the service provided by an unknown employee.

Electronically Filed - BUTLER - February 06, 2026 - 10:52 AM

(d)    Defendant Doe failed to warn, post a sign, or otherwise alert Plaintiff and other invitees of the existence of a potential hazard.

(e)    Defendant Doe failed to use the ordinary care required to remove the dangerous and defective condition which existed on the Premises at the time of Plaintiff's fall.

(f)    Defendant Doe otherwise improperly operated, managed, maintained, and controlled the Premises to allow a dangerous and defective condition to remain a hazard to their patrons and their guests, including Plaintiff.

46.    That each and all the aforesaid acts and omissions by Defendant Doe were negligent and constituted negligence.

47.    That each and all the aforesaid acts and omissions by Defendant Doe were a direct and proximate cause of the damage and injuries hereinafter described.

48.    That as a direct and proximate result of the aforesaid acts and omissions by Defendant Doe, Plaintiff suffered severe and painful injuries.

49.    That as a direct and proximate result of the aforesaid acts and omissions by Defendant Doe, Plaintiff has suffered, and will hereafter continue to suffer, physical pain and has been obliged to seek medical treatment because of her injuries.

50.    As a direct and proximate result of the aforesaid acts and omissions by Defendant Menard, Inc. d/b/a Menards, Plaintiff has lost time from work and lost wages and benefits she would have otherwise accrued.

WHEREFORE, Plaintiff, Melissa McClain, prays for judgment against Defendant John Doe, in such sum more than $50,000 as will reasonably and fairly compensate Plaintiff for loss

Electronically Filed - BUTLER - February 06, 2026 - 10:52 AM

and damage, for Plaintiff's costs and expenses incurred herein, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRAND INJURY LAW, LLC

By:     */s/ Zachary M. Brand, Esq.*
Zachary M. Brand, Esq., #73639
5911 De Giverville Ave
St. Louis, MO 63112
Telephone: (314) 724-1336
Email: zbrand@brandinjurylaw.com
***Attorneys for Plaintiff***

9